# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:18-cv-21394-GAYLES

LOGYN D'ALTILIO
    Plaintiff,

v.

NOAM J. COHEN, P.A.,
    Defendant.

_____/

## ORDER

    **THIS CAUSE** comes before the Court on Defendant Noam J. Cohen, P.A.'s Motion to Dismiss Complaint ("Motion"). [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.    BACKGROUND

    According to the allegations in the Complaint, Defendant is a debt collector who brought a collection case against Plaintiff Logyn D'Altilio in state court. [ECF No. 1 ¶ 7]. Defendant obtained a Final Summary Judgment on behalf of its client. [*Id.* ¶ 11]. Defendant mailed to Plaintiff discovery interrogatories in aid of execution to collect on the debt, and subsequently mailed a Motion for Contempt to Plaintiff to compel a response to the prior discovery request. [*Id.* ¶¶ 12, 13]. Plaintiff filed suit in this Court, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant now moves to dismiss, arguing that Plaintiff lacks the requisite standing to pursue a claim under the FDCPA and that Plaintiff has failed to state a claim under the FDCPA. [ECF No. 8 at 2].

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[2] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Because Defendant challenges whether Plaintiff has standing based on filings in state court, Defendant's motion launches a factual attack on the Court's subject matter jurisdiction. Notwithstanding whether the challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

---

[1] Defendant's motion is also brought, in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that it lacks subject matter jurisdiction over this action, there is no need to recite the legal standard governing such a motion.

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## III.     DISCUSSION

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating that he has standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. —, —, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). As standing is a threshold determinant, the plaintiff must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

At issue here is whether Plaintiff has suffered an injury in fact. "A plaintiff has injury in fact if he suffered an invasion of a legally protected interest that is concrete, particularized, and actual or imminent." *Nicklaw*, 839 F.3d at 1002. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548. "[I]ntangible injuries," including statutory violations, "may satisfy the Article III requirement of concreteness." *Nicklaw*, 839 F.3d at 1002. In *Spokeo*, the Supreme Court explained that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." 136 S. Ct. at 1549. "[A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* However, a plaintiff does not "automatically satisf[y] the injury-in-fact

3

requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*; *see also Nicklaw v. CitiMortgage, Inc.*, 855 F.3d 1265, 1268 (11th Cir. 2017) (Pryor, J., respecting the denial of rehearing en banc) ("[T]he violation of a legal right alone does not satisfy the concrete injury requirement.").

Plaintiff bases his claim on a provision of the FDCPA, which reads:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). Plaintiff contends that Defendant violated his statutorily conferred right to a disclosure warning when Defendant failed to include this warning in its interrogatories and Motion for Contempt.

Although § 1692e(11) provides a right to receive certain disclosures, the same subsection specifies that the disclosure requirement "***shall not apply*** to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11) (emphasis added). For present purposes, this means that while a violation of the FDCPA's disclosure requirement can confer standing, there can be no violation—and thus no injury—if the document at issue falls under this exception. This is because Plaintiff would be alleging that Defendant violated the FDCPA by not disclosing information he was not, in fact, entitled to receive.

The Eleventh Circuit has not defined what constitutes a formal pleading for purposes of this subsection. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 n.6 (11th Cir. 2015) ("We need not determine whether the sworn reply filed by Appellees is, in fact, a 'procedural filing' or whether a 'procedural filing' would or could never qualify as a 'formal pleading' under § 1692(11) because the instant appeal does not implicate the particular

requirements of that subsection."). However, because this case ***does*** implicate the particular requirements of § 1692e(11), the Court must determine whether Defendant's discovery interrogatories and Motion to Compel qualify as formal pleadings under the exception.

Other courts have found that a variety of litigation-related documents qualify under the "formal pleading" exception. *E.g.*, *Stephens v. Manley Deas Kochalski, LLC*, No. CV 17-2470, 2017 WL 5454458, at *6 (E.D. Pa. Nov. 14, 2017) (evidence of the law firm's role as a debt collector was apparent from the initial Complaint and subsequent communications attaching an amended complaint, a notice, and a preacipe were all formal pleadings covered under the exception); *Lambe v. Allgate Financial LLC*, No. 16-cv-24407, 2017 WL 3115755, at *2 (S.D. Fla. July 20, 2017) (Gayles, J.) (holding that a response to a motion to dismiss constituted a formal pleading); *McKee v. Ingram Law Office, LLC*, No. 15-1201, 2016 WL 6157807, at *4 (N.D. Ala. Oct. 24, 2016) (holding that an attorney's notice of appearance and motion to revive judgment constituted formal pleadings); *Bohannon v. LVNV Funding, LLC*, No. 14-0354, 2015 WL 893362, at *4 (E.D. Va. Mar. 2, 2015) (holding that affidavits attached to warrants in debt fall under the FDCPA's formal pleading exception); *Lilly v. RAB Performance Recoveries, LLC*, No. 12-0364, 2013 WL 4010257, at *4 (E.D. Tenn. Aug. 5, 2013) (holding that a sworn affidavit attached to a civil warrant is a formal pleading under the FDCPA); *Motherway v. Gordon*, No. 09-CV-05605-RBL, 2010 WL 2803052, at *3 (W.D. Wash. July 15, 2010) (where communications identified that law firm was a debt collector, exception applied despite complaint and summons not containing identifying language to that effect); *Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 WL 146208, at *14 (M.D. Fla. Jan. 18, 2006) (noting that the initial pleading gave "ample notice that the foreclosure was instigated by the debt collecting law

firm" and ruling that motions, verifications, and other discovery documents were covered under the exception).

The exception has also been interpreted in keeping with principles of logic. One court explained the formal pleading exception as "Congress attribut[ing] to the debtor the common sense to know that when a creditor sues him, the creditor wants to collect the debt, and that what the debtor tells the creditor can be used in the collection case." *Bohannon*, 2015 WL 893362, at *4; *see also Motherway*, 2010 WL 2803052, at *3 (stating that it would be "fundamentally nonsensical" to find that motions for summary judgment are not covered by the formal pleading exception).

The Court finds that Defendant's interrogatories and Motion to Compel based on a Complaint and Final Judgment are formal pleadings made in connection with a legal action under § 1692e(11). Notwithstanding the narrow definition Plaintiff wants the Court to adopt based on Rule 7 of the Federal Rules of Civil Procedure, a broader interpretation is consistent with common sense and the underlying purpose of § 1692e(11). The FDCPA compels this logical conclusion here, as Plaintiff was aware that Defendant was attempting to collect on a debt based on its earlier Complaint and the Final Judgment, both of which identified Defendant as a debt collector. And because the interrogatories and the Motion to Compel are formal pleadings, Plaintiff has failed to establish that Defendant violated the FDCPA. Absent this violation, and absent any other allegations of suffering an injury in fact, Plaintiff lacks standing to bring this action.

**IV.   CONCLUSION**

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 8] is

**GRANTED**. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of October, 2018.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE